# Campbell *v.* Noble.

*Bill to Quiet Title.* .

[DECIDED APRIL 28, 1906. 41 So. REP. 745.]

1. *Acknowledgment; Married Women; Conveyance of Homestead.*—The husband owned a life estate in a certain lot; the wife owned a vested remainder in fee; husband and wife occupied it as a homestead, and while so occupying it, made a conveyance thereof; the wife was not examined separate and apart from the husband as to her signature to the deed. *Held,* the grantee in their conveyance had the entire title after the death of the husband.

2. *Trusts; Resulting Trusts; Deed of Conveyance.*—Under the statute providing that a conveyance shall pass the fee unless a contrary intention is clearly expressed in the conveyance, the common law rule that a consideration was necessary in a deed of bargain and sale to prevent a resulting trust, is abrogated.

3. *Adverse Possession; Statutory Provision; Notice of Claim.*—No declaration of an intention having been filed in the office of the judge of probate, as required by the statute, under the evidence in this case, adverse possession is not available.

APPEAL from Montgomery City Court.
Heard before Hon. A. D. SAYRE.
Suit by Ida P. Noble against Mattie Campbell.

Plaintiff filed a bill seeking to quiet title to a certain lot in the city of Montgomery, making the necessary allegations under the statute. Defendant answered, denying the facts alleged in the bill, and set up by way of cross-bill her claim to said real estate, and asked for affirmative relief against the complainant in the original bill Plaintiff answered the cross-bill, alleging a want of consideration for the deed from Susan Boyseau to defendant, and alleging, also, that it was the homestead of said Susan Boyseau and her husband, and that the said deed was void, for that it was not seperately acknowledged by said Susan Boyseau. Plaintiff also alleges that Susan Boyseau left a last will and testament, which had been duly probated, leaving said lot to her. She also alleges a deed from one Harris, the husband of said Susan at the time of her death. She pleads the statute of limitations of ten years, inexcusable laches and neglect in attempting to enforce claim, and other things. Defendant excepts to the answer of Ida Noble, stating that the deed therein referred to was without consideration, on the ground that a consideration is not necessary to support the deed in this case. She excepts to that part of the answer setting up adverse possession of the premises by Susan Harris on the ground that no notice of said claim is alleged to have been filed in the office of the judge of probate of Montgomery county as required by law. She excepts to that part of said answer setting up that the premises were the homestead of said Susan and Howard Boyseau, because the answer shows that the interest held by said Howard Boyseau had expired at his death, and because no separate examination of the wife is necessary to a valid conveyance of a homestead owned by her. Upon a hearing of the cause, the chancellor granted complainant relief prayed for, and decreeing that the respondent had no title or interest in the land. From this decree, respondent appeals.

MARKS & SAYRE, for Appellant.—The examination of the wife separate and apart from the husband is re-

quired only where the title to the homestead is in the husband.—*Dawson v. Burrus*, 73 Ala. 111. Besides a conveyance of the homestead without an examination of the wife is not necessarily void in toto.—*Snedicor v. Freeman*, 71 Ala. 144; *McGuire v. Van Pelt*, 55 Ala. 352; See also 61 Ala. 84; 75 Ala. 425. For comparison and analogy read, *Lansden v. Bone*, 90 Ala. 446; Same case, 85 Ala. 562. The deed from Susan to Mrs. Campbell passed all her interest in the land and left nothing to her to will to Mrs. Noble. No fraud is alleged and therefore a consideration is not necessary between these parties.—*Jackson v. Rowell*, 87 Ala. 685. It is now no longer necessary that a consideration be paid to prevent a resulting trust in a deed of bargain and sale.—*Patton v. Beecher*, 87 Ala. 685. Adverse possession has no application here, for the reason that the declaration was not filed in the probate office.—*Scales v. Otts*, 127 Ala. 582: The facts of this case do not show a repudiation of her deed and adverse possession by Susan Boyseau.—*Ivey v. Beddingfield*, 107 Ala. 616.

RUSHTON & COLEMAN, for Appellee.—Under the facts in this case, the court will not hesitate to set aside the deed, there having been no consideration for the same, and to allow it to stand would operate as a constructive fraud.—*Lehman, Durr & Co. v. Shook*, 69 Ala. 492; *Smith v. Cockrell*, 66 Ala. 64. It was not necessary under the statute, that a declaration of adverse possession by Susan Boyseau should have been filed.—*Doe ex dem Holt v. Adams*, 121 Ala. 669; *Sledge v. Singley*, 139 Ala. 349. The court will not permit Mrs. Campbell to get this lot of land under her deed without compelling her to do equity and pay the purchase money for the land.—*Chapman v. Lee*, 64 Ala. 483; *Sanford v. Hamner*, 115 Ala. 406.

DOWDELL, J.—The main question in this case is whether the deed from Howard and Susan Boyseau to Mattie R. Campbell of December 10, 1892, is void for failure of an examination of the wife seperate and apart from the husband. It appears from the undisputed ev-

idence that at the date of the execution of the deed How-
ard and Susan occupied the land in question as a home-
stead; that Howard, the husband, held and owned a life
estate in the property, and Susan, the wife, held and
owned a vested remainder in fee. At the time of the fil-
ing of the bill Howard was dead. An examination of
the wife separate and apart from the husband is required
only where a conveyance is made of the homestead of the
husband.—*Dawson v. Burrus*, 73 Ala. 111. A convey-
ance of the homestead without an examination of the
wife separate and apart from the husband is not neces-
sarily void in toto. In *Snedecor v. Freeman*, 71 Ala.
144, it was said: "If the ownership be fractional, or
less than a fee, the exemption is fractional, and contin-
ues only so long as the title of the owner and occupant
lasts." Again, in *McGuire v. Van Pelt*, 55 Ala. 353, in
a case where the conveyance carved a larger area than
allowed as a homestead exemption, it was said: "The
husband's disability to convey extended only to this 80
acres to be carved out of the entire tract.    *   *   *   The
power to alienate was limited only by the quality and
quantity of the estate." See, also, *Garner v. Bond*, 61
Ala. 84; *De Graffenried v. Clark*, 75 Ala. 425.

In this case the husband's estate expired by limitation
with his death, and the only question, therefore, is
whether the deed passed the estate of the wife, Susan.
If the deed had been confined to the conveyance of Su-
san's remainder interest in the estate, it is quite clear
that no examination of the wife separate and apart from
the husband would have been required or necessary to
the validity of the conveyance, since there would have
been no conveyance of the husband's homestead. We are
of the opinion, under the above authorities and reasoning,
that the conveyance was a valid one of the wife's fee in
the land. The old common-law rule that a consideration
was necessary in a deed of bargain and sale in order to
prevent a resulting trust no longer obtains. 2 Devlin on
Deeds, § 817, 1189. In this state the question is put at
rest by the statute, declaring in effect that all convey-
ances shall pass the fee unless a contrary intention is
clearly expressed in the conveyance.—*Patton v. Beecher*,

62 Ala. 589. No fraud is alleged in the execution of the deed in question, and a consideration is not necessary between these parties.

There is nothing in the suggestion of adverse possestion as a defense against the deed, since no declaration of an intention to claim adversely was ever filed in the office of the judge of probate.—*Scales v. Otts,* 127 Ala. 582, 29 South. 63. The decree appealed from will be reversed, and one will be here rendered denying relief to the complainant in the original bill and granting relief to the respondent as prayed for in her cross-bill.

Reversed and rendered.

HARALSON, ANDERSON, and DENSON, JJ., concur.