# Southern Railway Co. *v*. McIntyre.

*Action for Damages to Trespass to Land.*

(Decided July 2, 1907.　44 South. 624.)

1. *Pleading; Joinder of Action; Separate Counts.*—Although the distinct causes of action might have been joined in one complaint, if set forth in separate counts, a complaint is bad which joins such causes of action in one count.

**2.** *Same; Amendment; Departure.*—Where the original count charged trespass on plaintiff's land by the construction of a railroad track thereon, an amendment which seeks to recover damages for interfering with the right of ingress and egress to and from plaintiff's lands by the erection of an embankment on a street not alleged to be on plaintiff's land nor in plaintiff's possession, constituted a departure and rendered the count subject to demurrer for that reason.

APPEAL from Morgan Circuit Court.

Heard before Hon. MARVIN WEST, Special Judge.

Action by Rufus P. McIntyre against the Southern Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The first count of the complaint, after describing the land alleged to have been trespassed upon, the improvements thereon, and that the defendant is a railway corporation engaged in the operation of trains, etc., alleges that on or about the 1st day of December, 1904, the defendant caused an excavation two or three feet deep to be made on and across plaintiff's property, to wit, the northeast end thereof, and has constructed or caused to be constructed a railroad track in said excavation on plaintiff's land, and proposes to propel by steam engines and cars, for the purpose of transportation, etc. Plaintiff then avers that the entry on his land by the railroad company as aforesaid was without his consent and without making him any compensation therefor, and that certain parts of his property have been rendered wholly useless to him, and the value of the remainder of his property has been greatly decreased, etc. It is alleged that the property was bounded on one side by Sycamore street and Walter street. This count was afterwards amended by adding the following: "Plaintiff alleges that in constructing the said railroad tracks at the intersection of Sycamore and Water street, along Water street, and across Sycamore street, immediately preceding and leading to the excavation upon plaintiff's

property as aforesaid, the defendant made or caused to be made a high embankment, to wit, seven feet high, upon that part of the street nearest the plaintiff's property, to wit, between plaintiff's lot and the center of said street, upon which defendant constructed or caused to be constructed a railroad track, of which the track in the excavation on plaintiff's property is a continuation or extension; and plaintiff avers that by reason of said embankment travel along Sycamore street from plaintiff's property to the river and from the river to plaintiff's property is obstructed and prevented, except by foot, and travel from plaintiff's property up and down Water street impeded, except by foot." It is also alleged that defendant is authorized to do business in the state of Alabama, and was at the time complained of. Demurrers were interposed to this count, because the counts join two separate and distinct causes of action, because the amendment and the original count are repugnant, because said amendment sets up a new cause of action, and because the same is a departure, stating the reason for the same.

HUMES & SPEAKE, for appellant. The original count and the amendment stated separate and distinct causes of action and the amendment was not allowable so as to relate back to the bringing of the suit or for any other purpose.—*City. Delivery Co. v. Henry,* 139 Ala. 161; *Southern B. Tel. Co. v. Francis,* 109 Ala. 224; *Bir. South. Ry. Co. v. Gunn,* 37 South. 329; *Southern Ry. Co. v. Yancy,* 37 South. 341; *Cent. of Ga. Ry. Co. v. Freeman,* 37 South. 387; *Bir. R. L. & P. Co. v. Spencer,* 39 South. 477; *M. & M. R. R. Co. v. McKellar,* 59 Ala. 458. The possession of the land at the time of the alleged entry should have been alleged and proven in

15 R

plaintiff.—*Garrett v. Sewell,* 108 Ala. 521.   An abutting owner has not the right to ˙immediate possession, and hence, cannot maintain the action.—*Vines v. Vines,* 40 South. 84.

CALLAHAN & HARRIS, for appellee.   The amendment does not offend the rule.—*Nelson v. First Nat. Bank,* 36 South. 707.   One who is entitled to sue at all for the consequences of a wrongful act may recover all the damages that such act has proximately inflicted upon him. His cause of action is the one wrongful act of the defendant.—*Bir. South. Ry. Co. v. Lintner,* 38 South. 365. Each act in the complaint constituted a trespass.—*Hellar v. Atchison Ry. Co.,* 28 Kan. 625.   The presumption is that the abutting owner owns the fee to the center of the street.—*N. & O. D. B. & T. R. R. Co. v. Karcher,* 112 Ala. 6'o.

ANDERSON, J.—Whether the amendment was within the lis pendens, and related back to the original complaint, or not, if properly made as a separate and distinct count, we need not decide, as its being added to the first count as a part thereof rendered the count as amended bad, and subject to the demurrer.   A count which unites several distinct causes of action is bad, notwithstanding they might be joined in one complaint in separate and distinct counts.—*Iron City Mining Co. v. Hughes,* 144 Ala. 608, 42 South. 39; *A. G. S. R. R. Co. v. Shahan,* 116 Ala. 302, 22 South. 509; *L. & N. R. R. Co. v. Cofer,* 110 Ala. 491, 18 South. 110; *Railroad Co. v. Dusenberry,* 94 Ala. 413, 10 South. 274; *Offield v. Wabash R. R.,* 22 Mo. App. 607; *S. & M. Ry. v. Buford,* 106 Ala. 303, 17 South. 395.   The original count charges a trespass upon plaintiff's land, and the amendment seeks to recover damages for interfering with travel to

and from the plaintiff's land by the erection of an embankment (not on plaintiff's land) upon the street near to the plaintiff's property. Nor does the complaint aver that plaintiff was in the possession of the street.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., concur.