# Sudduth *v.* Central of Georgia Ry. Co.

### Trespass to Realty.

(Decided November 23, 1916. 73 South. 28.)

1. **Pleading; Duplicity; Joinder of Causes.**—Although an action in trespass and in case may be joined in one complaint in separate and distinct counts, they cannot be combined and stated in one count, as attempted in counts 1 and 2 herein.

2. **Eminent Domain; Private Property; Right of Action.**—Under § 235, Constitution 1901, an abutting owner not shown to be in possession of the fee of a street upon which the defendant railroad laid its side track, could not recover for damages resulting from its operation by reason of smoke, noises and obstruction of traffic on the street.

3. **Limitation of Action; Pleading.**—A defense of the statute of limitation, if such exists, should be made by plea and not by demurrer in law courts.

APPEAL from Lee Law and Equity Court.

Heard before Hon. LUM DUKE.

Action by C. J. Sudduth against the Central of Georgia Railway Company for trespass. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Count 1 claims damages for trespass by defendant "on the following tract of land: [Here follows description]—who owns the fee in said portion of said street, by the construction of a side track thereon, resulting in great injuries, caused by engines and cars passing day and night, throwing steam, smoke, dust, and cinders upon plaintiff's premises, and into his house, polluting the air with offensive smells, and making divers terrific noises, thereby causing physical discomfort and annoyance to plaintiff and his family, whereby the value of his premises is greatly diminished." (2) Charges that defendant "with force and arms from February 11, 1912, and on divers other days between that day and the commencement of this suit broke and entered the close of plaintiff, that is to say, a certain close, as situated and being in Opelika, in the state and county aforesaid, and formerly known and dedicated as Front street, but now called Clanton street, and plaintiff avers that he has been greatly injured and damnified as follows: His property has been greatly decreased in market value, plaintiff's comfort was destroyed in

[Sudduth v. Central of Georgia Ry. Co.]

the daytime, and the peaceful slumbers of plaintiff, his family and guests, have been greatly disturbed at night, and other like damages." The third count claims damages for a trespass by defendant on Clanton street, formerly known as Front street, dedicated to the public more than 20 years, and on which plaintiff is an abutting owner in fee of the land for 1919 feet, more or less, and for special injuries hereinafter mentioned. Here follows the same injuries as set out in the other count, together with a claim for damages for that the access to and free communication with plaintiff's property which plaintiff had enjoyed, and of right ought now still have and enjoy to and from his said premises, is obstructed, greatly diminished and hindered. (4) Same as 3, except that the damages are alleged for decreasing the market and rental value of plaintiff's premises by reason of fire, smoke, noise, dust, and cinders, for causing great physical discomfort, partially obstructing traffic on said street which was dedicated to the public. The fifth claims for a nuisance in the obstruction of a street and in permitting a side track to remain in and upon said street. The sixth count declares for the same things, but in varying phraseology.

J. C. PHELPS, for appellant. BARNES & BREWER, for appellee.

ANDERSON, C. J.— (1) Counts 1 and 2, if not otherwise bad, each attempt to recover both as for trespass and case.

"A count which unites several distinct causes of action is bad, notwithstanding they might be joined in one complaint in separate and distinct counts."—*S. R. R. Co. v. McIntyre,* 152 Ala. 223, 44 South. 624, and cases there cited.

(2) Counts 3 and 4 fail to state a cause of action besides being subject to specific grounds of demurrer. They do not charge that the plaintiff was in possession of the premises upon which the defendant laid its track, and the only theory upon which the plaintiff could recover would be as an abutting owner under section 235 of the Constitution, yet damage is not claimed to the plaintiff's property as a result of the laying of the track, but as a result of the operation of the road, and section 235 has no application to the operating of the ways or works as distinguished from a construction or enlargement of same.—*Hamilton v. Alabama Power Co.,* 195 Ala. 438, 70 South. 737.

(3) We do not hold that counts 5 and 6 are good and not subject to an appropriate ground of demurrer, but the trial court

[Pepper v. Horn, et al.]

sustained only the thirteenth ground of same, which was that said counts show on their face that they are barred by the statute of limitations of one year, and overruled all other grounds of demurrer to said counts 5 and 6. The defense of the statute of limitations, if it exists, should be made by plea, and not by demurrer in courts of law.—*Curry v. So. R. R.*, 148 Ala. 57, 42 South. 447, and cases there cited.

The judgment of the law and equity court is reversed, and the cause is remanded.

Reversed and remanded.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.