(100 South. 207)
ALABAMA POWER CO. v. CORNELIUS et al.  (6 Div. 92.)

(Supreme Court of Alabama.  April 10, 1924. Rehearing Denied May 15, 1924.)

**1. Action ⊝⟞38(3) — Complaint in trespass held not demurrable for misjoinder of causes of action.**

Counts in trespass, alleging that poles and wires placed by defendant power company over and along plaintiff's property interfered with ingress and egress and were dangerous to persons and animals because uninsulated, thereby proximately decreasing value of property, and that such trespass was willfully continued by defendant after plaintiffs warned it not to do so, etc., held not demurrable for misjoinder of causes of action; things complained of constituting single and continuous trespass and injuries proximately resulting therefrom.

**2. Husband and wife ⊝⟞182—Requisites of dedication of land owned jointly by husband and wife stated.**

Land owned jointly by husband and wife may be dedicated by parol or in writing, without conveyance and separate acknowledgment by wife, if not part of homestead at time of dedication.

**3. Homestead ⊝⟞125—Deed of land worth $3,000, without separate acknowledgment by wife, held admissible in action of trespass by husband and wife.**

In action for trespass on land claimed by plaintiffs husband and wife as part of homestead, where undisputed evidence showed that it was worth $3,000 at time of conveyance to county by plaintiffs without separate conveyance and acknowledgment by wife, court erred in excluding deed so far as it affected husband's interest; each being entitled to exemption of only $1,000 in value.

**4. Homestead ⊝⟞84—Each tenant in common cannot claim full exemption of joint property.**

While tenant in common is entitled to homestead exemption, each owner cannot claim full exemption of joint property, which is not increased because of their fractional interests so as to make up in quantity what is wanting in extent of ownership.

**5. Homestead ⊝⟞125—Sale or dedication of part of homestead in excess of $2,000 operates as selection of remainder as homestead.**

Where homestead exceeds $2,000 in value, sale or dedication of excess operates as selec-

⊝⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tion of remainder as homestead to exclusion of alienated tract.

**6. Homestead　⊚⟶118(3) — Conveyance of wife's interest essential to valid dedication.**

Conveyance of wife's interest in homestead is essential to valid dedication thereof.

**7. Husband and wife ⊚⟶129(1)—Wife held not estopped · by signing of her name by husband on deed of right of way.　·**

Wife cannot be charged by her signature placed by husband, without her knowledge or consent, on deed of right of way over land owned by them jointly by way of equitable estoppel, where she was ignorant of deed when road was constructed, whether or not such signature was fraudulent.

Appeal from Circuit Court, Jefferson County; Joe C. Hail, Judge.

Action in trespass by W. F. Cornelius and Nannie Cornelius against the Alabama Power Company. Judgment for plaintiffs, and defendant appeals. Transferred from the Court of Appeals under Act of 1911, p. 449, § 6. Reversed ·and remanded.

Counts 1 and 3, as amended, are as follows:

"(1) The plaintiffs claim of the defendant the sum of $10,000 damages for trespass by defendant on the following tract of land, viz.: 'Begin at a point where the west boundary line of the S. E. ¼ of the N. E. ¼ intersects the north line of the right of way of the public road; thence run northerly along said west boundary line 227 feet more or less to the southwest corner, the land of Mrs. Ella Cole; thence east along the south line of said Mrs. Cole land 155 feet then south and parallel to the west boundary line 68 feet more or less to the north side of the public road; thence southwesterly along said road 200 feet more or less to the beginning'—belonging to the plaintiffs and for placing poles and wires over and along said property. And plaintiffs further allege that the poles and wires so placed by defendant interfered with and impeded plaintiffs' ingress and egress to and from said property, the wires so placed by defendant were charged by it with electric current of a voltage making them dangerous to the life of human beings and other living creatures and endangered the lives of plaintiffs and their horses, cows, and other stock, and said wires were not, insulated but were left uninsulated so that any contact therewith by persons or animals would subject them to the force of said electric current, all proximately decreasing the value of the use and occupation of said property and the value of said property was proximately decreased thereby, all to plaintiffs' damages as aforesaid, hence this suit."

"(3) For this count plaintiffs adopt all of count 1 as amended and add thereto the following additional averments: Plaintiffs further allege that said trespass was willfully done and committed and willfully continued by defendant after the plaintiffs had warned the defendant not to do and commit the same, and the defendant acted in gross, reckless, and willful disregard of plaintiffs' rights in and to the said property, and in addition to actual damages plaintiffs claim of defendant punitive damages."

Defendant offered in evidence the following deed conveying the land involved to Jefferson county:

"State of Alabama, Jefferson County.

"Know all men by these presents that we, the undersigned, of the county and state aforesaid, in and for the consideration of the benefits to us and to the public of ·said road, do hereby grant, bargain, sell, and convey into Jefferson county, its successors or assigns, a right of way hereinafter described, over and across the lands of the undersigned for a public road; which right of way shall be 50 feet in width or 25 feet in width on each side of the center line of the said road as it is now located and staked out by the county engineers across the said lands, which are located and described as follows, to wit: As per map on file in the county highway engineer's office. If any fencing is to be moved the county will do so at their expense. And for and in consideration of the benefit to my property by reason of the construction of said road, I hereby release the county from all consequential· damages, present or prospective, to my property arising out of the construction, maintenance, or repair of said road, and that said road is a benefit to my said property is hereby admitted and acknowledged.

"In witness whereof, we, the parties hereto, have set our hands and seal this 26th day of December, 1919.　　　W. F. Cornelius.
　　　　　　　　　　　　　"N. A. Cornelius.
"Witness: W. E. Moore, by W. F. C."

The court sustained plaintiffs' objection to its introduction, and instructed the jury not to consider it.

Martin, Thompson & Turner and Hobart A. McWhorter, all of Birmingham, for appellant.

A count which unites several distinct causes of action is bad. Sudduth v. C. of G., 197 Ala. 393, 73 South. 28; So. Ry. v. McIntyre, 152 Ala. 223, 44 South. 624. Where the owner of land greater in value than $2,000 sells a part thereof, leaving the maximum value allowed for exemption, he selects a homestead to the execution of the alienated tract, and title passes to the grantee to the excess so conveyed. Code, § 4161, has no application. Williams v. Kilpatrick, 195 Ala. 563, 70 South. 742; Garner v. Bond, 61 Ala. 84; McGuire v. Van Pelt, 55 Ala. 344; Snedecor v. Freeman, 71 Ala. 140.

Black, Harris & Foster, of Birmingham, for appellees.

A conveyance of a right of way over a homestead is void, unless signed and separately acknowledged by the wife. McGhee v. Wilson, 111 Ala. 615, 20 South. 619, 56 Am. St. Rep. 72; Clark v. Bird, 158 Ala. 285,

---

⊚⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

48 South. 359, 132 Am. St. Rep. 25; Griffin v. Chatta. R. R. Co., 127 Ala. 570, 30 South. 523, 85 Am. St. Rep. 143; Cowan v. So. Ry., 118 Ala. 554, 23 South. 754. The homestead cannot be dedicated to public use, except as provided by statute. 8 R. C. L. 887; Cordana v. Wright, 159 Cal. 610, 115 Pac. 227, Ann. Cas. 1912C, 1048. It is a trespass to real estate to project anything over the land, though not touching it. 38 Cyc. 996; 26 R. C. L. 939.

ANDERSON, C. J. [1] The counts upon which this case was tried, amended counts 1 and 3, were in trespass, and the things complained of and damages claimed constituted a single and continuous trespass and injuries proximately resulting therefrom and were not subject to the defendant's demurrer. The cases relied upon by appellant's counsel are unlike this one. The case of Sudduth v. Central of Georgia R. R., 197 Ala. 393, 73 South. 28, involved a complaint which charged in the same count trespass and case; that is, trespass in entering and laying the tract and an independent wrong as to the operation of trains. In the case of So. R. R. v. McIntyre, 152 Ala. 223, 44 South. 624, the count condemned charges trespass on the plaintiff's premises and in addition thereto that defendant created an obstruction, not on the plaintiff's land, but elsewhere, which interfered with the ingress and egress of the plaintiff.

[2-5] As we understand, the theory upon which this case was tried was that the poles were placed and the wires were strung within the 50 feet of what purported to be a public highway, and not on the plaintiffs' land exclusive of said 50 feet; the defendant therefore contending that it committed no trespass, as the plaintiffs did not have the ownership and possession of said strip, and that it was owned and possessed by Jefferson county for the benefit of the public. The plaintiffs' contention was that, notwithstanding it was within the limits of what purported to be the highway, said highway was located on their land which had never been legally conveyed or dedicated; that the strip in question was a part of the homestead, notwithstanding it was owned by the plaintiffs jointly, and, being a part of the homestead, there could have been no dedication except by a conveyance and separate acknowledgment by the wife. It may be conceded that the contention is correct if the land involved was a part of the homestead at the time of the attempted dedication, but, if it was not, it can be dedicated by parol or in writing without the statutory formalities essential to the conveyance of the homestead. Hill v. Houk, 155 Ala. 448, 46 South. 562; East Birmingham v. Birmingham Machine Co., 160 Ala. 461, 49 South. 448; West End v. Eaves, 152 Ala. 334, 44 South. 588. The question therefore arises, Was the strip in question such a part of the homestead as to require the legal formalities essential to the conveyance of the homestead? The undisputed evidence shows that the place was worth $3,000 at the time of the conveyance by W. F. Cornelius to Jefferson county, and the trial court erred in excluding said deed in so far as the same went to his interest in the land. True, as suggested in brief of counsel for appellee, a tenant in common is entitled to a homestead exemption to the land held in common, but this does not give each owner the right to claim the full exemption to the joint property. The homestead is not increased on account of their fractional interests in the land, so as to make up in quantity what is wanting in extent of ownership. Snedecor v. Freeman, 71 Ala. 140; Campbell v. Noble, 145 Ala. 233, 41 South. 745. The result is each of these plaintiffs would be entitled to an exemption not in excess of $1,000 in value each, and not to the extent of $2,000 each. The homestead being greater in value than $2,000, the sale or dedication of the excess by the owner operates as a selection of the remainder as the homestead, to the exclusion of the alienated tract. Williams v. Kilpatrick, 195 Ala. 563, 70 South. 742. The plaintiffs' proof shows that the place was worth $3,000, and there was no proof offered that the disposition of the strip in question reduced the value of the remainder below $2,000.

[6, 7] As to the interest of Mrs. Cornelius, while there was proof that she consented to building the road, she did not convey her interest in the land as the statute requires, which was essential to a valid dedication. Vansandt v. Weir, 109 Ala. 104, 19 South. 424, 32 L. R. A. 201. The evidence shows that the deed made by the husband included her signature, which was placed there by him without her knowledge or consent. Whether this was or was not a fraud on his part, she cannot be charged with same by way of an equitable estoppel as the proof shows that she was ignorant of said deed when the road was constructed. Whether or not there is a liability to W. F. Cornelius, who dedicated his interest as for an additional burden or servitude upon the highway upon which he is an adjacent owner, we do not determine, as neither counts 1 or 3 proceed upon this theory, and count 2 was eliminated.

For the error above mentioned, the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.