(117 So. 286)

## GRAHAM v. CENTRAL OF GEORGIA RY. CO. (6 Div. 114.)

Supreme Court of Alabama. May 17, 1928.

Rehearing Granted June 7, 1928.

**1. Husband and wife ⚫209(2, 3)—Husband may recover compensatory damages resulting from injury to wife, though wife must sue for personal injuries.**

Though wife must sue for personal injuries to herself, husband may maintain action for compensatory damages resulting from injury, such as loss of her services, or society, cost of nursing and caring for her, etc.

**2. Husband and wife ⚫209(3)—Husband may sue for compensatory damages resulting from injury to wife causing death, notwithstanding action for wrongful death is confined to wife's representatives (Code 1923, § 5696).**

Husband may sue for compensatory damages resulting from personal injuries to wife, though injury produces death which is not immediate, and though right of action for wrongful death of wife is confined to personal representatives, under Code 1923, § 5696.

**3. Husband and wife ⚫209(3)—That injury to wife caused death is not ground of action at common law to husband, whose recovery is limited to loss between injury and death.**

That injury results in wife's death cannot at common law be taken into consideration as ground of action by husband, or as aggravation of damages, and husband's recovery must be limited to loss suffered, intermediate injury and death.

**4. Death ⚫10, 11—Action for wrongful death held not maintainable at common law, though loss between injury and death is recoverable.**

At common law, no civil action can be maintained for death of a human being caused by wrongful act or negligence of another, or for damages suffered by any person by reason of such death; but, where death does not at once ensue, person entitled to services of one injured may recover for loss accruing between injury and death; such action not being barred by death.

### On Rehearing.

**5. Action ⚫38(3)—Complaint by husband for injury to and death of wife held confined to damages between injuries and death, and was not demurrable for misjoinder.**

Complaint by husband, based on injury to wife resulting in her death, though alleging that husband was damaged as proximate result of

---

⚫For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

injuries and death of wife, *held* predicated on injuries to wife, and confined to damages intermediate injury and death, and not to claim damages incurred subsequent to or resulting from her death, and hence complaint was not demurrable for misjoinder of causes of action.

Appeal from Circuit Court, Jefferson County; John Denson, Judge.

Action for damages by H. T. Graham against the Central of Georgia Railway Company. Plaintiff takes a nonsuit and appeals from adverse rulings on pleading. Reversed and remanded on rehearing.

The amended complaint consisted of counts X, Y, Z, and A; the material difference being in the elements of damage claimed. Count X is as follows:

"Plaintiff claims of the defendant, Central of Georgia Railway Company, a corporation, the sum of $3,000 as damages, for that, on, to wit, April 18, 1926, defendant was engaged in the business of operating a railroad from Columbus, Ga., to Birmingham, Ala., and in and through the town of Irondale in Jefferson county, Ala., having and using in connection therewith a railroad track and a railroad train. That on, to wit, said date, while plaintiff's wife, Mrs. Agnes V. Graham, was riding as a passenger in an automobile, over which she had no charge, operation, or control, on a public highway known as Twentieth street in the town of Irondale, Jefferson county, Ala., and while the said automobile was crossing the track of said railroad at a place on said public highway which was a public crossing, defendant's railroad train on said railroad track of defendant at said place, which said train was then and there operated by defendant's servants, agents, or employees, acting within the line and scope of their employment as such, ran against the automobile in which plaintiff's said wife was riding as aforesaid, and she was thereby so injured as that she died, her death occurring on, to wit, April 26, 1926, the death of plaintiff's said wife being the proximate result of her injuries received as aforesaid, and the plaintiff was injured and damaged as the result of the injuries to and the death of his wife as follows:

"Plaintiff was caused much expense for hospital bills and accommodations for his said wife for employing nurses and the expenses incident thereto, in obtaining medicines and medical aid and surgical attention for his said wife during her lifetime after she was so injured and before her death, and was caused expense in the employment of doctors and physicians and surgeons in and about his efforts to heal and cure his said wife's injuries, and plaintiff was caused to lose time from his customary work and labor and duties, and was caused much inconvenience in attending and nursing his said wife in an effort to alleviate her condition and lost the services of his wife and her companionship or consortium from the time she was injured as aforesaid until she died, to wit, eight days later, and he was also put to much expense made necessary after her death and known as funeral expenses, including a grave, and grave space, preparation of the grave to hold the casket and to receive her body, for a casket within which to put the body of his wife, for a hearse, funeral cars or automobiles, for embalming, and the other necessary expenses incident to conducting the funeral and interring the body of his wife.

"And plaintiff further avers that defendant's servants, agents, or employees in the operation of said railroad train, one or more of them, acting within the line and scope of his or their employment as such servant, agent, or employee, or servants, agents, or employees of the defendant in the operation of said railroad train, at the time and place as aforesaid, wantonly operated and ran said railroad train against the automobile in which plaintiff's said wife was riding as aforesaid, wantonly caused plaintiff's wife's said injuries and death, with the said resultant damages to plaintiff, and said injuries to and death of plaintiff's said wife as aforesaid, with the said resultant damages to plaintiff as stated, were proximately caused by the wanton conduct as aforesaid of defendant's said servants, agents, or employees, one or more of them, acting within the line and scope of his or their employment as such."

Count Y is in part as follows:

"For this count plaintiff adopts the words of count X from its beginning down to and including the words, 'Ran against the automobile in which plaintiff's said wife was riding as aforesaid,' and to this count adds thereto the following: And plaintiff's wife was thereby so injured that as a proximate result of said injuries she died on April 26, 1926, medical and surgical and hospital attention having been accorded her because of the injuries so received between the time she was injured and the time of her death as aforesaid; her said death being the proximate result of her said injuries; and the plaintiff was damaged as the proximate result of the said injuries and the death of his wife, all as aforesaid, as follows:

"He was caused and put to much expense in the payment of hospital bills and hospital accommodations necessarily accorded to his wife by reason of the injuries so received, and, also large expense for the employment and payment of nurses, physicians, and surgeons in an effort to heal and cure his said wife of the said injuries so received during her life after she was injured as aforesaid, and to the time of her death; and he was caused and put to much inconvenience in attending and nursing his said wife in an effort to alleviate her condition after she received her injuries aforesaid; and he was caused to lose the services of his wife and her companionship, or consortium from the time she was injured as aforesaid until she died, to wit, the period of eight days; and he was also put to much expense, made necessary after death, as funeral and burial expenses, including the cost of a place of burial, preparation of the grave to receive and hold her body, for a casket within which to put the body of his wife, for a hearse, funeral cars, and for embalming the body of his wife."

Count Z, in pertinent part, is as follows:

"For this count the plaintiff adopts all of the words of count Y from its beginning down to and including the words, where said words appear in said count Y, viz.: 'And also large expense for the employment and payment of nurses, physicians, and surgeons in an effort to heal and cure his said wife of the said injuries so received during her life, after she was injured

as aforesaid, and to the time of her death.'

"And for this count the plaintiff adds thereto the following:

"And he was also caused and put to much expense, made necessary after the death of his wife, as aforesaid, for funeral and burial expenses, including the cost of embalming the body of his wife, of a casket within which to put the body of his wife, for a hearse and funeral cars, and for the cost of a place of burial."

Count A:

"For this count plaintiff adopts all of the words of count Y from its beginning down to and including the words, where said words appear in said count Y, viz.: 'And also large expense for the employment and payment of nurses, physicians, and surgeons in an effort to heal and cure his said wife of the said injuries so received during her life, after she was injured as aforesaid, and to the time of her death."

Each of counts Y, Z, and A concludes as follows:

"Plaintiff further avers that said injuries to and death of plaintiff's said wife as aforesaid and the resultant damages to plaintiff as alleged were proximately caused by the said wanton conduct, as aforesaid, of the defendant's said servants, agents, or employees, one or more of them, acting within the line and scope of his or their employment as hereinabove alleged."

Altman & Koenig, of Birmingham, for appellant.

The husband may recover for loss of the society and services of his wife, for expenses incurred in the procurements of such medical or surgical skill as ordinary prudence would suggest to be necessary in the treatment of her injury, for the value of his services while nursing her, and for her funeral expenses, where such damages proximately result from injuries wrongfully inflicted upon her. Morrison v. Clark, 196 Ala. 670, 72 So. 305; People's Home Tel. Co. v. Cockrum, 182 Ala. 547, 62 So. 86; Birmingham. So. Ry. Co. v. Lintner, 141 Ala. 420, 38 So. 363, 109 Am. St. Rep. 40, 3 Ann. Cas. 461. And he may maintain action for the loss of his wife's society and services, etc., although the injury caused her death, if her death was not immediate, although only a brief period intervened between the injury and her death. People's Home Tel. Co. v. Cockrum, supra; Cooley on Torts (3d Ed.) 470; 30 C. J. 971; 13 R. C. L. 1420; 15 A. &. E. Ency. of Law (2d, Ed.) 862. The right of a husband to recover for the loss of his own time and the necessary funeral expenses incurred resulting from his wife's death, caused by the negligent act of the defendant, should be upheld, regardless of any statute. 13 R. C. L. 1420; Philby v. Northern Pacific Ry. Co., 46 Wash. 173, 89 P. 468, 9 L. R. A. (N. S.) 1193, and note, 123 Am. St. Rep. 926, 13 Ann. Cas. 742.

Nesbit & Sadler, of Birmingham, for appellee.

Each count attempts improperly to join in one and the same count two separate causes of action. Sudduth v. Central Ry. Co., 197 Ala. 393, 73 So. 28; Birmingham Ry. Co. v. Norton, 7 Ala. App. 571, 61 So. 459; Southern Ry. Co. v. McIntyre, 152 Ala. 223, 44 So. 624; Iron City v. Hughes Co., 144 Ala. 608, 42 So. 39; Friddle v. Braun, 180 Ala. 556, 61 So. 59; Birmingham Co. v. Nicholas, 181 Ala. 491, 61 So. 361. The action for wrongful death must be brought by the administrator. Code 1923, § 5696.

ANDERSON, C. J. [1, 2] It is unquestionably settled by the decisions of this court, that, notwithstanding the wife must sue for personal injuries to herself, the husband may maintain an action for compensatory damages, not for the injury, but resulting therefrom, such as the loss of her services or society, the cost of nursing and caring for her, etc. People's Home Tel. Co. v. Cockrum, 182 Ala. 549, 62 So. 86; Birmingham Southern R. Co. v. Lintner, 141 Ala. 420, 38 So. 363, 109 Am. St. Rep. 40, 3 Ann. Cas. 461; Southern Ry. Co. v. Crowder, 135 Ala. 417, 33 So. 335; Morrison v. Clark, 196 Ala. 670, 72 So. 305. This is true, although the injury produces death which is not immediate, and notwithstanding the right of action for the wrongful death of the wife is confined to her personal representative under the terms of section 5696 of the Code of 1923.

[3, 4] "But if the injury resulted in her death, this cannot, at the common law, be taken into account, either as the ground of action or as an aggravation of damages, and the husband's recovery must be limited to the loss suffered intermediate the injury and death." Cooley on Torts (3d Ed.) p. 470. "At the common law no civil action can be maintained for the death of a human being, caused by the wrongful act or negligence of another, or for damages suffered by any person by reason of such death; but where death does not at once ensue, a person entitled to the services of the one injured, may recover for the loss accruing between the injury and the death, and such action is not barred by the death." Hyatt v. Adams, 16 Mich. 180.

The counts of the complaint in question do not seek a recovery for compensatory damages alone resulting from the injury between the infliction of same and the death of the wife, but charge the cause of the damage as resulting both from the injury to the wife and her death. The counts say, "And the plaintiff was damaged as the proximate result of said injuries and the death of his wife," and also claims damages which accrued subsequent to the death of the wife. It is not a question of claiming nonrecoverable damage in a complaint otherwise good and to be eradicated by a motion to strike rather than by demurrer, but the gravamen of the action is based both upon the injury to and the death of the wife.

We think that the trial court properly sustained those grounds of demurrer proceeding upon the theory of a misjoinder and the statement of two separate and distinct causes of action in the same count. Sudduth v. C. of Ga. R. R., 197 Ala. 393, 73 So. 28; Southern R. Co. v. McIntyre, 152 Ala. 223, 44 So. 624.

The judgment of the circuit court is affirmed.

Affirmed.

SOMERVILLE, THOMAS, and BROWN, JJ., concur.

### Upon Rehearing.

ANDERSON, C. J. [5] While amended count A contains the above quotations, as well as the other counts, upon a reconsideration of said count A we are of the opinion that it does not violate the rule against a misjoinder. It is predicated upon injuries to the wife, and claims no damages incurred subsequent to or resulting from her death, and is confined to damages intermediate the injury and death. The rehearing is granted, the judgment of affirmance is set aside, as well as the nonsuit, and the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

SOMERVILLE, THOMAS, and BROWN, JJ., concur.