**MALONE FREIGHT LINES, Inc. v. TUTTON et al.**

No. 12916.

United States Court of Appeals
Fifth Circuit.

Nov. 26, 1949.

A. Walton Nall, Atlanta, Ga., for appellant.

Barry Wright, Rome, Ga., for appellees.

Before HUTCHESON, HOLMES, and SIBLEY, Circuit Judges.

SIBLEY, Circuit Judge.

This consolidated appeal relates to two suits for injuries suffered in the same automobile accident, tried together, with verdicts for $10,000 and $5,000 in favor of J. E. Tutton, Jr., and his wife, Mrs. Jessie May Tutton, occupants of the automobile, against appellant whose truck and trailer were struck from behind while stopped on the highway in the night. The questions argued are these: Was there evidence of appellant's negligence? Did the evidence demand a finding that appellees were contributorily negligent? Did the Court err in admitting evidence of the funeral expenses of appellees' minor child who was killed in the accident?

The evidence is clear that the truck and trailer, operated for appellant in hauling freight, totaling an aggregate weight of about 23 tons, was proceeding west in Alabama on a highway the paved portion of which was 18 to 20 feet wide, but having shoulders of eight to ten feet additional width, when about midnight the gasoline in one of the tanks gave out. A shift was made to the other tank but the self-starter did not draw gasoline from the second tank, the batteries were unable to move the vehicles off the pavement, and there they stayed till about 4:30 or 5 A.M. The incorporated town of Livingston, Alabama, was only a mile ahead, but the driver was not familiar with the road. He put out two flares to the rear of the trailer, one 25 to 50 feet from it, and one about 250 feet, and also one 100 feet to the front. The red tail light on the trailer was burning at first but went out or was turned out later. A number of vehicles passed going both ways, some of which the truck driver stopped with his flashlight. Two trucks attempted to push his vehicles off the road but the bumpers did not match and they failed. No message was sent to Livingston for a wrecker or a fresh battery or other aid though ambulance and wrecker were obtained there promptly after the accident. The night was dark with intermittent fog. The trailer was painted dark green.

Appellees in an automobile owned by Tutton left Rome, Georgia at about midnight going west. Tutton drove till about 30 minutes before the accident when he gave Mrs. Tutton the wheel she having 12 years' experience in driving and he took the rear seat and fell asleep. He was awakened by a lurch of the car to the left, saw the two flares on his right, and then the dark mass of the trailer close ahead. The right front of the automobile hit the rear of the trailer to the left of its center, moving it some eight feet. Tutton was knocked unconscious. Mrs. Tutton testifies she was driving about 35 to 40 miles per hour, she saw the two flares (which were oil pots with a small wick) sitting in the center of the right-hand lane of the highway, thought they indicated some defect in the highway on that side, slackened her speed and veered left to miss the flares, and was straddling the middle line when she suddenly saw the dark mass ahead. She says there was no light on it, no reflectors, and she saw no flashlight. It was quite foggy. She pulled further to the left, unable to do anything else. The truck driver testifies the flares were in the center of the road, that there were two reflectors swung low beneath the rear of the trailer, that he was behind the trailer waving his flashlight, and that the automobile was coming very fast, so that he had to jump aside to escape injury. Another occupant of the car, asleep when the accident happened, and not much hurt, testifies that the truck driver immediately afterwards told her he was asleep in his cab at the time and did not know how it happened.

■■■ Title 36 of the Alabama Code, Section 25(a), prohibits the parking or leaving standing, any vehicle, whether attended or unattended, upon the paved or main traveled portion of any highway, outside of a business or residence district, when it is practicable not to do so; and in no event unless there is a clear and unobstructed width of not less than fifteen feet left upon the main traveled portion for free passage of other vehicles. Subsection (c) is: "The provisions of this section shall not apply to the driver of any vehicle nor to any vehicle which is disabled while on the paved or improved or main traveled portion of a highway in such manner and to such extent that it is impractical to

avoid stopping and temporarily leaving such vehicle in such position, * * * provided, however, that this sub-division is subject to all provisions of section 46 of this title." Section 46 says: "Whenever a vehicle is parked or stopped upon a highway whether attended or unattended during the times mentioned in section 40 of this title (from a half hour after sunset to a half hour before sunrise) there shall be displayed upon such vehicle one or more lamps projecting a white light visible under normal atmospheric conditions from a distance of five hundred feet to the front of such vehicle and projecting a red light visible under like conditions from a distance of five hundred feet to the rear * * *." The provision as to lights in case of enforced temporary stoppage was applied in Newell Contracting Co. v. Berry, 223 Ala. 111, 134 So. 868, and a violation was declared negligence per se, under circumstances much like this case. In the present case there was not a space of 15 feet of paving left clear, the stoppage was for over four hours with help apparently accessible, and there was no red light nor any other on the rear of the trailer, and a conflict as to whether a flashlight was used. The statement of the driver that he was asleep, if believed, is not only good for impeachment, but if made dum fervet opus or as res gestæ, is proof of the fact stated. The question of appellant's negligence was for the jury.

 In Alabama, as at common law, a plaintiff's contributory negligence bars recovery. Here, since Tutton put his wife to drive the automobile, her negligence was his as well as hers, and both might be barred by it. The Alabama statute affecting her is Title 36, Section 5: "Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed not greater than is reasonable and proper, having due regard to the traffic, surface and width of the highway and of any other conditions then existing * * *." Without discussing numerous cases cited, we think it evident that the standard fixed for the driver is in general for application by the jury, but her seeing the little flares in the road, which she testifies she recognized as indicating some sort of danger, make it almost a matter of law that she should have reduced her speed more till she found out what the danger was. Her excuse is that she thought they indicated a bad place in the surface of the highway and thought by slowing up and passing to the left of them, they being according to her in the center of the right lane of the highway, she was avoiding the danger. It is true as a matter of general knowledge that these oil flares are commonly used when streets or roads are under repair or need repair. It is also true that there was no red light on the trailer, the general signal for the rear of a vehicle ahead, and which the law specially required for this disabled vehicle; nor was there any illumination of it, and small chance of seeing its dark green bulk in the darkness. All these conditions were proper for a jury's consideration in passing on the prudence, reasonableness, and propriety of her speed, whatever the jury concluded it was. The Court did not err in refusing to direct a verdict for the defendant.

 It was error to admit over objection testimony that the funeral expenses and monument of the dead child cost $578.00. In Graham v. Central of Georgia R. Co., 217 Ala. 658, 117 So. 286, 288, the suit was for losses caused by injury to plaintiff's wife, who died from the injury. The counts as to funeral expenses were stricken. See also 25 C.J.S., Death, § 13. The Alabama death statute, Title 7, Sec. 119, gives a father a right to recover for the death of a minor child "such damages as the jury may assess". The Court may have admitted the evidence as generally helpful to the jury. These items were not expressly sued for. The charge of the Court is not in the record. The jury's verdict of $10,000 covers the loss of the automobile, Tutton's personal injuries, and the death of the child. We cannot tell whether it includes this $578.00, but as the judge admitted the evidence without instruction as to the use to be made of it, most likely it is included. We take it, though in some doubt, that this was error

904

under the Graham case, supra; Louisville & N. R. R. Co. v. Bogue, 177 Ala. 349, 58 So. 392; Buckalew v. Tennessee Coal, Iron & R. R. Co., 112 Ala. 146, 20 So. 606; Alabama G. S. R. Co. v. Burgess, 116 Ala. 509, 515, 22 So. 913; and Louisville & N. R. R. Co. v. Tegnor, 125 Ala. 593, 28 So. 510.

The judgment in favor of Mrs. Tutton is affirmed. That in favor of Mr. Tutton is reversed and a new trial ordered, unless within 30 days from the filing of the mandate he shall write off from his judgment in the district court the sum of $578.00, in which event that judgment will also stand affirmed. Let the costs of this appeal be paid one-half by appellee, Tutton, and one-half by appellant.