Emma Zimmerman and her husband, Milton Zimmerman, Jr., sued The Lloyd Noland Foundation, Inc. (the operator of Lloyd Noland Hospital), and its employee Charles Avant (hereinafter collectively referred to as "the hospital") for damages based on negligence, alleging that Ms. Zimmerman was injured as a result of a fall she suffered while a visitor at the hospital. Charles Avant was operating a cleaning machine when Ms. Zimmerman's feet allegedly became entangled in an extension cord or a cord attached to that machine. As a result of the injuries Ms. Zimmerman received from the fall, Mr. Zimmerman claimed loss of services, consortium, and companionship.
While the personal injury action was pending, Ms. Zimmerman suffered cardiopulmonary arrest and died. The complaint was amended to add Mr. Zimmerman as administrator of the estate of Emma Huggins Zimmerman, deceased, to act on behalf of the deceased Ms. Zimmerman for her claim based on personal injury. The complaint was again amended to add a wrongful death claim, alleging that Ms. Zimmerman's injuries from the fall at the hospital caused her death. The hospital filed a motion to dismiss Ms. Zimmerman's personal injury action in the original complaint or, in the alternative, to dismiss the wrongful death action, contending that where a plaintiff has brought suit for both wrongful death and personal injury on the basis of a single act of negligence by a defendant, he must elect to sue under the wrongful death statute (Ala. Code 1975, § 6-5-410) or the survival statute (Ala. Code 1975, § 6-5-462); but that the plaintiff cannot recover under both. The hospital also filed a motion to dismiss Mr. Zimmerman's loss of consortium claim or, in the alternative, to dismiss the wrongful death action, contending that Mr. Zimmerman, as administrator, had to elect whether to sue under the wrongful death statute or to sue for compensatory damages for loss of consortium.
At a hearing on the motions, Mr. Zimmerman, as administrator, agreed to dismiss the personal injury action brought on behalf of Ms. Zimmerman in favor of pursuing the wrongful death claim, but the trial court denied the hospital's motion to dismiss Mr. Zimmerman's consortium claim:
 "Motion to Dismiss the negligence claim of [Ms. Zimmerman] is granted by consent. The dismissal of this claim has no effect on [the] wrongful death claim. The Motion to Dismiss the loss of consortium claim of [Mr. Zimmerman] is denied."
Thereafter, the hospital filed a motion for separate trials pursuant to Rule 42, Ala.R.Civ.P., on the wrongful death claim and Mr. Zimmerman's loss of consortium claim, contending that it would be prejudicial to the hospital to permit the jury deciding the issue of damages in the wrongful death action (which damages are solely punitive in nature) to hear evidence of damages in the loss of consortium action (which damages are compensatory in nature and evidence as to which would include any suffering and illness of Ms. Zimmerman).
The trial court construed the hospital's motion for separate trials as a motion to dismiss the loss of consortium claim and granted the motion. Mr. Zimmerman filed a motion to set aside the dismissal of his loss of consortium claim. Subsequently, the hospital filed a motion for summary judgment on the wrongful death action, to which nothing was submitted in opposition. After a hearing on both of these motions, the trial court granted the hospital's motion for summary judgment on the wrongful death action and denied Mr. Zimmerman's motion to set aside the dismissal of his loss of consortium claim. Mr. Zimmerman appeals from the trial court's judgment denying his motion to set aside the *Page 550 
dismissal of the loss of consortium claim.[1]
The issue for our review is whether the trial court erred in dismissing Mr. Zimmerman's loss of consortium claim — more specifically, whether the trial court erred in holding that the election by Mr. Zimmerman, as administrator of Ms. Zimmerman's estate, to dismiss Ms. Zimmerman's personal injury claim against the hospital in favor of pursuing a wrongful death action barred Mr. Zimmerman's individual claim for loss of consortium.
The hospital argues that "[t]he consequence of [Mr. Zimmerman's] action [when acting in his capacity as administrator of Ms. Zimmerman's estate and dismissing her personal injury action to pursue the wrongful death claim] [was] to extinguish all claims which derived from the personal injury action in favor of pursuing the claim for wrongful death." In essence, the hospital contends that when Mr. Zimmerman, as administrator, consented to dismiss Ms. Zimmerman's personal injury claim in favor of the wrongful death claim, he made "a conscious decision to dismiss all tort claims arising out of the personal injury action" and that such action in effect constituted a dismissal of his claim for loss of consortium. Furthermore, the hospital contends that "it would be illogical in a case where there is no evidence that Ms. Zimmerman's injury [had] any relation to her death to allow a derivative consortium claim to survive although the personal injury action is dismissed."
What the hospital would have us hold is that because Mr. Zimmerman, as administrator of Ms. Zimmerman's estate, elected to pursue the wrongful death action over Ms. Zimmerman's personal injury action and because the trial court entered a summary judgment in its favor on the wrongful death action, Mr. Zimmerman should somehow be barred from suing in his individual capacity for damages for loss of consortium caused by Ms. Zimmerman's injury, which he contends was caused by the negligence of the hospital. By consenting to dismiss Ms. Zimmerman's personal injury action in order to pursue the wrongful death action, Mr. Zimmerman apparently was acting under a mistaken interpretation of the election of remedies statute, Ala. Code 1975, § 6-5-440. Therefore, the hospital's analysis must fail for the following reasons:
In Price v. Southern Ry., 470 So.2d 1125, 1130-31 (Ala. 1985), we stated:
 "[A] spouse's claim for loss of consortium does survive where the injured spouse dies from his injuries. This does not compel an election of remedies as between the action for loss of consortium or the action for the spouse's wrongful death . . . under [Ala. Code 1975], § 6-5-440, supra. It is, of course, the law that no plaintiff is entitled to prosecute two actions at the same time for the same cause of action against the same party. § 6-5-440, supra.
 "The statute does not, however, prevent the prosecution of the action by the widow for wrongful death of the husband in her capacity as personal representative, because her separate action for loss of consortium is not an action for the same cause against the same defendant. We hold that the death of the husband did not abate the wife's action for loss of consortium. This has been the rule since 1928 and was the rule at common law and is the rule in most other jurisdictions. In Graham v. Central of Georgia Ry. Co., 217 Ala. 658, 117 So. 286 (1928), speaking directly to this point, the Court said:
 " 'It is unquestionably settled by the decisions of this court, that, notwithstanding the wife must sue for personal injuries to herself, the husband may maintain an action for compensatory damages, not for the injury, but resulting therefrom, such as the loss of her services or society, the cost of nursing *Page 551 
and caring for her, etc. [Citations omitted.] This is true, although the injury produces death which is not immediate, and notwithstanding the right of action for the wrongful death of the wife is confined to her personal representative
under the terms of section 5696 of the Code of 1923.
 " ' "But, if the injury resulted in her death, this cannot, at the common law, be taken into account, either as the ground of action or as an aggravation of damages, and the husband's recovery must be limited to the loss suffered intermediate the injury and death." Cooley on Torts (3d Ed.) p. 470.'
"217 Ala. at 660, 117 So. at 288.
 "There is no reason in law or logic to hold that a wife's cause of action for the loss of consortium abates with the death of her husband. The cause of action belongs to her, and the loss is hers, not his. She has been deprived of her right of full marital participation with her husband because of the acts of the defendant. The fact that her husband died should not deprive her of the damages she suffered from the time of his injury until his death. [Citations omitted.]
". . . .
 " 'The exclusiveness of the wrongful death remedy does not defeat a surviving spouse's cause of action for loss of consortium for the period between the decedent's injury and death. This is because the consortium action would have vested in the spouse prior to the death, would not have belonged to the decedent if he had survived, and is not affected by the survivorship statute. Acuff v. Schmit, 248 Iowa 272, 78 N.W.2d 480
(1956).'
 "Wilson v. Iowa Power Light Co., 280 N.W.2d 372
(Iowa 1979)."
(Some emphasis original; other emphasis added.)
Furthermore, as this Court stated in Mattison v. Kirk,497 So.2d 120, 123 (Ala. 1986):
 "[T]he wife's right of consortium is her separate right. Although her injury derives out of her husband's injury, her claim is independent of his. '[The wife's] separate action for loss of consortium is not an action for the same cause
against the defendant.' Price v. Southern Ry., 470 So.2d at 1130 (emphasis in original). It is distinct from the husband's personal injury or wrongful death claim and does not abate upon the death of the husband, Price, supra. See, also, Swartz v. United States Steel Corp., 293 Ala. 439, 304 So.2d 881 (1974).
 "The wife's right of recovery depends only upon a showing of liability on the part of third-party Defendants. To make her case, she simply must prove that her husband's injury was caused by Defendant's wrongful acts and that, as a result, she lost her husband's consortium from the time of the injury until his death. The fact that there may be some impediment to bringing a wrongful death or personal injury action does not mean there is any impediment to her bringing her loss of consortium claim. Thus, it is irrelevant that a claim on his behalf, whether for wrongful death or personal injury, may fail under provisions of [a particular act]."
(Some emphasis original; other emphasis added.)
Based on the foregoing, we conclude that because Mr. Zimmerman's claim for loss of consortium was independent of either Ms. Zimmerman's personal injury action or the wrongful death action, the trial court erroneously dismissed the consortium claim. Therefore, we reverse the judgment and remand the case for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, SHORES and KENNEDY, JJ., concur.
[1] We note that although Mr. Zimmerman appealed the trial court's dismissal of the loss of consortium claim and its summary judgment in favor of the hospital on the wrongful death action, Mr. Zimmerman argues only the loss of consortium claim. Therefore, our review is limited to that issue. See Rule 28(a)(5), A.R.App.P.; Hickox v. Stover, 551 So.2d 259 (Ala. 1989). *Page 552