The plaintiff, Weathers Auto Glass, Inc. ("Weathers"), appeals from a summary judgment for the defendant, Alfa Mutual Insurance Company ("Alfa"). We affirm.
Weathers is in the business of installing and repairing glass in automobiles. It often does work for customers who have insurance to cover the cost of repairs; some of its customers are insured by Alfa. Weathers complained that, two years before, Alfa had negotiated an agreement with another glass repair company, Safelite Glass Company. By that agreement Safelite would make glass repairs at a price agreed upon by Safelite and Alfa if the policyholders chose Safelite to make their repairs. After negotiating the agreement with Safelite, Alfa began paying Weathers the same amount Safelite had agreed to accept, which was less than the invoices Weathers submitted for payment.
Weathers (1) alleged intentional interference with contract and sought damages for that interference, (2) sought payment of invoices in the amount of $1,500, and (3) sought a judgment declaring that it is a third-party beneficiary of Alfa policies.
Rule 56, A.R.Civ.P., sets forth a two-tiered standard for determining whether to enter a summary judgment. In order to enter a summary judgment, the trial court must determine 1) that there is no genuine issue of material fact, and 2) that the moving party is entitled to a judgment as a matter of law.
We affirm that portion of the summary judgment holding that Weathers is not a third-party beneficiary of Alfa's automobile insurance policies. A party claiming to be a third-party beneficiary of a contract must establish that the contracting parties intended, upon execution of the contract, to bestow a direct, as opposed to an incidental, benefit upon the third party. There was no substantial evidence that, when it agreed to insure a policyholder, or at any time thereafter, Alfa intended to bestow a benefit upon Weathers or upon any other automobile repair service provider. Ramsey v. Taylor,567 So.2d 1325, 1327 (Ala. 1990); Colonial Bank of Alabama v. Ridley Schweigert, 551 So.2d 390, 395 (Ala. 1989); Collins Co. v. Cityof Decatur, 533 So.2d 1127, 1132 (Ala. 1988).
The summary judgment was also proper against Weathers's claim alleging an intentional interference with a contract, because there was no contractual relationship to be interfered with.Gross v. Lowder Realty Better Homes Gardens, 494 So.2d 590,597 (Ala. 1986). The claim for $1,500 in damages also must also fail because it is founded upon contract, but Weathers had no contractual relationship with Alfa. Marsala v. Gulf ShoresBuilding Supply, Inc., 367 So.2d 479, 481 (Ala.Civ.App. 1979).
AFFIRMED.
HORNSBY, C.J., and HOUSTON, KENNEDY and INGRAM, JJ., concur. *Page 1330