Melvin Smith, Louise Pugh, Willie B. Johnson, and Joseph Collins, the plaintiffs in an action pending in the Macon Circuit Court, petition for a writ of mandamus directing the circuit court to vacate its order requiring arbitration of their claims against the defendant All Star Mobile Homes, Inc. We grant the petition.
 I.
The facts before us, which are minimal, indicate the following: On July 30, 1993, Joseph Collins; his wife Willie B. Johnson; his stepson Melvin Smith; and his daughter-in-law Louise Pugh traveled to a sales lot operated by All Star Mobile Homes in Columbus, Georgia; there they negotiated with agent Gary Spoonemore to purchase a certain Spring Hill mobile home. They allege that Spoonemore told them they could reserve that particular mobile home with a $300 down payment and that Johnson paid Spoonemore this amount. Spoonemore filled out a purchase agreement for the mobile home. That agreement contained an arbitration clause; however, the plaintiffs did not sign that agreement.
On August 15, 1993, the plaintiffs were told that their credit application for the purchase of the mobile home had been approved and that they were required to pay an additional $7,550 down payment on the mobile home. *Page 705 
They paid this amount to All Star on August 16, 1993; however, their credit had not actually been approved at that time.
In September 1993, All Star sold the mobile home that was the subject of the July 30 contract, i.e., the mobile home the plaintiffs had "reserved" with their down payment. All Star did not inform the plaintiffs of this until October 16, 1993, when an All Star agent at the Columbus location informed them that the mobile home had been sold to another customer and that they would have to choose another model. The plaintiffs chose a different model from All Star's sales lot in Phenix City, Alabama. They allege that an All Star agent told them that, as a down payment on this second mobile home, they could apply $5,000 of the $7,850 down payment they had already made on the first mobile home. They say the All Star agent told them that the contract for the purchase of the second mobile home would then be complete and that All Star would refund to them the remaining $2,850 from the down payment they had made on the first mobile home.
The plaintiffs went to All Star's Phenix City lot on October 16, 1993, and executed a new purchase agreement, which contained this statement: "Disputes arising out of this agreement are subject to compulsory and binding arbitration." All Star did not deliver the mobile home to the plaintiffs; rather, it later informed them that their credit application was not, after all, accepted, and it refunded $2,850 of the $7,850 down payment. All Star apparently did not return the remaining $5,000.
On January 24, 1994, the plaintiffs sued All Star, alleging fraud in the inducement, fraudulent suppression, and conversion of the unpaid portion of the down payment they had made on the mobile home. All Star answered the complaint approximately one month later, and the plaintiffs thereafter sought to begin discovery. From March 10, 1994, until November 14, 1994, the parties filed various discovery motions and conducted depositions. On November 14, 1994, All Star moved to stay the proceedings and to compel arbitration of the claims, pursuant to the arbitration agreement contained in the purchase agreement the plaintiffs had signed. The trial court granted this motion.
 II.
We first recognize that a petition for the writ of mandamus is the proper means by which to test a trial court's order compelling arbitration or an order staying proceedings pending arbitration. Long v. Industrial Development Board of the Townof Vincent, 619 So.2d 1387 (Ala. 1993). The plaintiffs argue that All Star Homes waived its right to compel arbitration. They correctly state that a party may waive its right to arbitrate a dispute if it substantially invokes the litigation process and thereby prejudices the party opposing arbitration.Companion Life Insurance Co. v. Whitesell Manufacturing, Inc.,670 So.2d 897 (Ala. 1995). No rigid rule exists for determining what constitutes a waiver of the right to arbitration; this issue must be resolved on the particular facts of each case.Huntsville Golf Development, Inc. v. Aetna Casualty SuretyCo., 632 So.2d 459 (Ala. 1994).
The plaintiffs argue that, while waiting nearly 10 months from the filing of the complaint to ask for arbitration, All Star consistently responded to their discovery requests; answered their amended complaint; and participated in their deposition of All Star's agent Spoonemore. Moreover, during that period All Star conducted its own deposition of Melvin Smith. All Star claims that it took Smith's deposition merely to verify Smith's signature on the purchase agreement as a prerequisite to moving to compel arbitration; however, the facts before us indicate that Smith's deposition is more than 200 pages long and focused on the evidence supporting Smith's claims.
All Star relies upon several cases in which defendants' considerable delays in moving to compel arbitration were held not to constitute a waiver. In one of them, Ex parte MerrillLynch, Pierce, Fenner Smith, Inc., 494 So.2d 1 (Ala. 1986), we held that a delay of more than one year before moving to compel arbitration was not a waiver of the defendants' right to arbitration. However, during that year, the plaintiff was simultaneously *Page 706 
litigating similar claims against the defendant as part of a class action in a Federal court. The plaintiff subsequently opted out of the Federal class action, in order to pursue his claims in the state court. Less than three months later, the defendant moved to compel arbitration of the claims. Under those circumstances, we held that the defendants had not unduly delayed in moving to compel arbitration, because they could have reasonably believed that the plaintiffs claim would be litigated in the Federal class action.
In Ex parte McKinney, 515 So.2d 693 (Ala. 1987), a defendant delayed for two years before moving to compel arbitration of claims raised in a cross-claim against another defendant, and the parties conducted discovery during that time. However, the underlying claims brought by the plaintiff in that case were not arbitrable, and the discovery between the parties was necessary to litigate the plaintiff's claims, not the one defendant's cross-claim against the other. After the plaintiff's claims were litigated, the defendant promptly moved to compel arbitration of the other defendant's claims against him. Because the long delay and considerable discovery were primarily due to having to litigate the plaintiffs claims, and because the discovery was actually helpful to the defendant seeking to avoid arbitration, this Court found no substantial prejudice that would justify a holding that the defendant had waived the right to compel arbitration.
All Star presented no evidence of circumstances that would justify its hesitation to seek arbitration of the plaintiffs' claims. Likewise, it presented no evidence that it was procedurally barred from doing so; the claims were not being litigated in another forum, as was the case in Merrill Lynch, and there were no nonarbitrable claims to be litigated before arbitration, as was the case in McKinney. The evidence indicates that All Star was fully aware of its right to compel arbitration, but delayed its request for arbitration merely because it could afford to delay, even as the plaintiffs spent time and money on litigation that All Star perpetuated. Further, even after the parties' depositions had been taken, All Star delayed moving to compel arbitration for three more months, while the plaintiffs' attorney continued to incur the expenses of developing the case for court. Once All Star finally determined that it was time to compel arbitration, the plaintiffs then incurred additional expenses to oppose the arbitration motion, both in the trial court and in this Court. The plaintiffs now owe their attorney over $1,400 for legal work that would not have been done if All Star had promptly moved to compel arbitration. Further, the plaintiffs have been obliged to add the ten-month delay into the time necessary to adjudicate their opposition to arbitration, thus unnecessarily postponing their obtaining any relief. Perhaps other consumers would be less tenacious in exercising their right to oppose arbitration, or even to seek relief at all, if the time required to obtain relief is extended by a defendant's choice to delay seeking arbitration. The fact that the plaintiffs have persisted does not change the fact that they have absorbed an unjustified delay in obtaining an adjudication of their claims.
Under these facts, we agree that All Star's delay in moving to compel arbitration constitutes a waiver of its right to arbitrate. The petition for the writ of mandamus is granted. The circuit court is directed to vacate its order compelling arbitration.
WRIT GRANTED.
ALMON, SHORES, KENNEDY, and COOK, JJ., concur.
HOOPER, C.J., and MADDOX, HOUSTON, and SEE, JJ., dissent.