HOOPER, Chief Justice
(dissenting)..
I must respectfully dissent.
The plaintiffs argue that they never agreed to the terms of the warranty booklet because they did not receive the booklet until after the closings. However, the warranty application they completed at the time of closing contains language that binds them to the terms of the warranty booklet. A clause in the application states: “By signing, the Purchaser acknowledges that he/she has read the RWC Limited Warranty Program booklet and has received a copy of this application along with any forms needed to comply with state or local governmental requirements.” It does not matter whether the plaintiffs actually read the booklet, because they signed the application stating that they had read it. Therefore, I would hold that the plaintiffs are bound by the terms of the booklet.
By executing the application, the plaintiffs acknowledged and accepted the conditions of the warranty. Their failure to read the booklet before acknowledging that they had read it should not be charged to the defendants, unless they intentionally prevented the plaintiffs from obtaining the booklet. The plaintiffs presented no evidence to suggest that was the case. The arbitration clause was one of the conditions of the warranty, and the plaintiffs are therefore bound to it. Finally, the application states: “Your validated warranty will consist of this Application for Warranty, the validated RWC Limited Warranty Program booklet and any endorsements added thereto.” Therefore, the warranty consists of the application and the booklet, and the plaintiffs have agreed to comply with the conditions of the warranty.
Another issue raised by the plaintiffs is whether Colonial Bank and Colonial Mortgage Company (collectively referred to hereinafter as “Colonial”) can demand arbitration even though they did not sign the warranty application. The builder (Tri-Star) was specifically mentioned in the warranty application as being a party to the warranty. However, Colonial was not mentioned specifically in the application as being subject to the terms of the warranty booklet. Nevertheless, I would hold that Colonial may demand arbitration as a third-party beneficiary of the warranty contract.
“A party claiming to be a third-party beneficiary of a contract must establish that the contracting parties intended, upon execution of the contract, to bestow a direct, as opposed to an incidental, benefit upon the third party.” Weathers Auto Glass, Inc. v. Alfa Mutual Ins. Co., 619 So.2d 1328, 1329 (Ala.1993). The purpose of the warranty is to protect the homeowner, the builder, and the parties involved in the financing. The warranty gives assurance that the house (the security for the loan) will remain in repaired condition. The warranty is a condition for the loan. Thus, I believe that the parties to the warranty intended to benefit Colonial.
Colonial also should be entitled to demand arbitration because of the relationship of the parties. The plaintiffs purchased the warranties, which were required by the Department of Veterans’ Affairs Loan Guarantee Program and by Colonial. By requiring the warranty, Colonial was seeking to protect its interests. Although it was not a party to the warranty contract, Colonial is protected by it. The warranties would not exist but for the financing of the homes provided by Colonial. In other words, there would be nothing to protect had Colonial not financed the transaction. Colonial’s investment in the mortgage would be at risk without the warranties.
The plaintiffs did not pay cash for their houses. Instead, they contracted with Colonial for a loan. Thus, the interests of Colonial are so intertwined with the interests of the purchasers and the builder that Colonial is entitled to demand arbitration under the clause found in the warranty booklet. The *783 plaintiffs should arbitrate their claims against Colonial because their claims are founded on, and are intertwined with, the facts surrounding the underlying contract that contains the arbitration clause. See, e.g., Sunkist Soft Drinks, Inc. v. Sunkist Growers, Inc., 10 F.3d 753 (11th Cir.1993).
I also believe that the defendants did not substantially invoke the litigation process before seeking to compel arbitration. The plaintiffs argue that 2 1/2 years passed from the time the complaint was filed to the time arbitration was demanded. The plaintiffs do not give specific details about what steps the defendants took to indicate a desire to litigate. They say only that the defendants “were engaged in substantial litigation for 2 1/2 years.” They make a reference to the ease action summary sheet to support this statement. The case action summary sheet indicates several filings by both sides. However, these filings involve matters that do not reflect a desire on the part of the defendants to substantially invoke the litigation process. Very little discovery has taken place. The plaintiffs filed only one notice of deposition, and the defendants filed only one discovery request, which accompanied their answer. Therefore, a close analysis of the case action summary sheet shows that the defendants have not waived the right to demand arbitration.
To establish a waiver, the plaintiffs must show that Tri-Star substantially participated in the litigation process and that the plaintiffs would be prejudiced if Tri-Star is now allowed to invoke the arbitration process. Terminix Int’l Co. Ltd. Partnership v. Jackson, 669 So.2d 893 (Ala.1995). The plaintiffs cite Ex parte Smith, 706 So.2d 704 (Ala.1997), as authority for their waiver argument. However, we held in that case: “No rigid rule exists for determining what constitutes a waiver of the right to arbitration; this issue must be resolved on the particular facts of each case.” 706 So.2d at 705. In this present case, there has been limited activity in the trial court, and the plaintiffs have not shown that they would be prejudiced by the delay in demanding arbitration. In fact, the arbitration process may expedite the resolution of the dispute and thus mollify the effect of the 2 1/2-year delay the plaintiffs have already experienced. With regard to the waiver issue, I cannot say the trial court abused its discretion by granting the motion to compel arbitration.
Because of the extraordinary nature of the writ of mandamus and because of the federal presumption in favor of arbitration, I would hold that Judge Reese did not err in granting the defendants’ motion to compel arbitration. I would deny the petition.
SEE, J., concurs.