Colonial Sales-Lease-Rental, Inc., doing business as Colonial RV Center (hereinafter "Colonial"), appeals from the trial court's denial of its motion to compel arbitration. We reverse and remand.
On July 17, 1997, Target Auction Land Company, Inc., and Jim Hughes sued Colonial, alleging breach of contract *Page 1162 
and fraud.[1] The complaint stated that the "plaintiffs, TARGET AUCTION LAND CO., INC. and JIM HUGHES, purchased from defendants" a certain Chateau model motor home.[2] The complaint alleges that Colonial represented to the plaintiffs that the motor home was a 1994 model, suppressing the fact that it actually was a 1993 model.
On October 27, 1997, Colonial filed a motion to compel the plaintiffs to arbitrate their claims, as well as an answer in which it raised an agreement for binding arbitration as a defense. Attached to its motion as an exhibit was a copy of the contract containing the arbitration clause that Colonial seeks to enforce. The arbitration clause states, in pertinent part:
 "F. The undersigned purchaser and Colonial Sales-Lease-Rental, Inc. further agrees [sic] as follows:
 "1. That the recreational vehicle described in this sale document has been heretofore traveling in interstate commerce, and has an impact upon interstate commerce.
 "2. That in the event any dispute(s), under the terms of this contract of sale arise, including but not limited to, the terms of this agreement, the condition of the recreational vehicle sold, the conformity of the recreational vehicle sold, to the contract, the representations, promises, undertakings or covenants made by Colonial Sales-Lease-Rental, Inc. in connection with the sale of the recreational vehicle, or otherwise dealing with the recreational vehicle; any terms of financing in connection therewith, or any terms of any credit life and/or disability insurance purchased simultaneously herewith, or extended service or maintenance agreements, that Colonial Sales-Lease-Rental, Inc. and the purchaser agree to submit such dispute(s) to binding arbitration, pursuant to the provisions of 9 U.S.C. § 1, et seq., and according to the commercial rules of the American Arbitration Association then existing, in Birmingham, Alabama."
The contract form contained a space for identification of the purchaser. In that space, the handwritten words "Jim Hughes" are crossed out and the handwritten words "Target Auction Land Company, Inc." appear. In the space provided on the form for the purchaser's signature, the words "Target Auction Co." are handwritten above a signature that is difficult to read, but that appears to be the signature "Jim Hughes."
The trial court granted Colonial's motion for arbitration as to Hughes, but denied it as to Target Auction, finding that the contract did not contain a legally effective signature for Target Auction.
Colonial argues that Hughes signed the contract on behalf of Target Auction, but also argues that even if Hughes signed the contract in his individual capacity, Target Auction can be compelled to arbitrate its claims against Colonial. We conclude that even if Target Auction is a nonsignatory, it nevertheless must submit to arbitration. Therefore, we need not determine whether Hughes signed the contract in his individual capacity or in a representative capacity for the corporation.
In Ex parte Dyess, 709 So.2d 447 (Ala. 1997), this Court determined that the plaintiff could be compelled to arbitrate his claims against the defendant even though he was a nonsignatory to the contract containing the arbitration clause. The plaintiff, Dyess, was injured while he was test-driving an automobile belonging to Jack Ingram Motors, Inc.; that corporation was insured by American Hardware Insurance Group, Inc. The insurance policy contained an arbitration clause. Dyess sued American Hardware Insurance Group, claiming *Page 1163 
benefits under its policy with Jack Ingram Motors. We required Dyess to arbitrate his claims, basing our decision on two factors. First, we held that Dyess, who sued as a third-party beneficiary of the insurance contract, was required to accept the burdens of that contract as well as its benefits. Second, we held as follows:
 "Dyess's claims should be arbitrated because they are founded on, and are intertwined with, the facts surrounding the underlying contract that contains the arbitration clause. Dyess's claims against American Hardware are so closely related to the insurance policy that Dyess must follow its terms even though he did not sign it. In addition, Dyess's claims would not exist but for the contract between Jack Ingram Motors and American Hardware."
709 So.2d at 451 (citation omitted).
It is uncontested in this present case that Target Auction was the titled owner of the motor home. If it was not technically a party to the contract, Target Auction clearly benefited from the contract by acquiring the motor home. Because Target Auction accepted the benefits of the contract, it also must accept the contractual burdens as well, including the requirement to arbitrate claims against Colonial. Cf. Georgia Power Co. v.Partin, 727 So.2d 2 (Ala. 1998).
The trial court erred in compelling arbitration only as to Hughes. The order denying Colonial's motion to compel arbitration as to Target Auction is reversed, and the cause is remanded for the trial court to enter an order compelling arbitration as to both Target Auction and Hughes.
REVERSED AND REMANDED WITH DIRECTIONS.
Hooper, C. J., and Maddox, Houston, Cook, See, Brown, and Johnstone, JJ., concur.
[1] Although Target and Hughes named "Colonial RV Center" as a defendant, along with Colonial Sales-Lease-Rental, Inc., it appears that "Colonial RV Center" is merely a trade name by which Colonial Sales-Lease-Rental, Inc., does business.
[2] It appears from the limited record in this case that Jim Hughes is an officer of Target Auction Land Company, Inc., but the record does not indicate which office Hughes holds.