751 So.2d 1228 (1999)
HOMES OF LEGEND, INC.
v.
Kenneth FIELDS.
1980070.
Supreme Court of Alabama.
November 19, 1999.
*1229 David L. Selby II and Michael L. Jackson of Wallace, Jordan, Ratliff & Brandt, L.L.C., Birmingham, for appellant.
Timothy M. Grogan, Mobile, for appellee.
PER CURIAM.
Homes of Legend, Inc., appeals from the trial court's order denying its motion to compel arbitration.[1]
Kenneth Fields purchased a mobile home from Harold Allen's Mobile Home Factory Outlet, Inc. ("Allen"). The mobile home was manufactured by Homes of Legend. In connection with the purchase, Fields executed a "Manufactured Home Retail Installment Contract and Security Agreement." Homes of Legend is not a signatory to that contract, which contained an arbitration provision that stated in part:
"All disputes, claims or controversies arising from or relating to this contract or the parties thereto shall be resolved by binding arbitration by one arbitrator selected by you with my consent."
After becoming dissatisfied with his mobile home, Fields sued Allen and Homes of Legend, seeking damages based on allegations of breach of contract and negligence in regard to the construction, transportation, and installation of the mobile home. Fields alleged in his complaint that Homes of Legend was a party to the sales contract he had signed with Allen and that his contract claims were based on that contract. Both Allen and Homes of Legend moved to compel arbitration. The trial court entered an order granting Allen's motion; Fields has not petitioned this Court for a writ of mandamus challenging that order. This appeal concerns only the trial court's order denying Homes of Legend's motion to compel arbitration.
The record indicates that Fields responded to the motion to compel by conceding in the trial court that Homes of Legend was not a party to the sales contract. Fields makes one argument on appeal, and it is the same argument he made in the trial courtthat Homes of Legend is not a party to the sales contract containing the arbitration provision and, therefore, that it has no standing to compel arbitration.
The record confirms that the sales contract does not name Homes of Legend as a party. Based on the record and the briefs, we conclude that the arbitration issue raised by Homes of Legend is moot, at least with respect to Fields's contract claim. This case is like Ex parte Warren, 718 So.2d 45 (Ala.1998), in which a plurality stated:
"The Warrens first argue that, because Mrs. Warren did not sign the *1230 construction contract, she cannot be compelled to submit her claims against American Home to arbitration. They emphasize that arbitration is a creature of contract and that a party cannot be required to submit to arbitration any dispute that he or she has not agreed so to submit. Ex parte Isbell, 708 So.2d 571 (Ala.1997). The Warrens point out that the arbitration clause specifically refers only to `Owner,' identified as John Warren, and `Contractor,' identified as American Home. The Warrens thus conclude that this arbitration clause is narrowly drawn and cannot be extended to include Mrs. Warren, who they say was not contemplated to come within its scope.
"However, the Warrens' argument reveals a flaw that undercuts Mrs. Warren's right to maintain her claims and that renders this issue moot. The record shows that both of the claims are based upon the construction contract. Although the Warrens brought their claims as co-parties to the contract, Mrs. Warren concedes in her brief that she is `not a party to the contract containing the arbitration agreement,' Warren reply brief at 4, and that she is not a third-party beneficiary of that contract. Warren reply brief at 7. The record confirms that the contract does not name Mrs. Warren as a party and that it does not refer to her. In her efforts to avoid arbitration, Mrs. Warren has conceded that she has no right to recover under the contract, by disavowing any status as a party to the contract or as a third-party beneficiary. Also, because she has disavowed any status as a party to the contract, she has no claim based on fraud in the inducement of that contract. Because Mrs. Warren has disclaimed any basis for recovery on her claims, any error in compelling arbitration of her claims would be harmless. She has failed to demonstrate a clear right to the relief she seeks; the mandamus petition is thus due to be denied as to her."
718 So.2d at 47-48 (footnotes omitted). Likewise, in this present case, Fields, in his effort to avoid arbitration, has conceded that he has no right to recover against Homes of Legend under the sales contract. For this reason, we assume, for purposes of this appeal, that Fields has no contract claim against Homes of Legend based on the sales contract and, therefore, that there is no contract dispute to arbitrate.[2] We further assume that the trial court will enter a judgment for Homes of Legend on Fields's contract claim. We emphasize that our judgment in this case is based on these assumptions. With the case in this posture, we have no basis upon which to reverse the trial court's order denying the motion to compel arbitration of the contract claim.
As for the negligence claim, we conclude that the trial court's order is due to be affirmed, on the authority of Universal Underwriters Life Insurance Co. v. Dutton, 736 So.2d 564 (Ala.1999), and First Family Financial Services, Inc. v. Rogers, 736 So.2d 553 (Ala.1999), and the cases cited therein. Those cases stand for the proposition that the doctrine of equitable estoppel is not applicable in a case, such as this one, where the arbitration provision is not broad enough to encompass a dispute with a nonsignatory.
For the foregoing reasons, the order is affirmed.
AFFIRMED.
HOOPER, C.J., and MADDOX, HOUSTON, COOK, LYONS, BROWN, JOHNSTONE, and ENGLAND, JJ., concur.
SEE, J., dissents.
*1231 SEE, Justice (dissenting).
This Court affirms the trial court's order denying the motion of Homes of Legend, Inc., to compel arbitration of Kenneth Fields's breach-of-contract and negligence claims. This Court holds (1) that, based on Ex parte Warren, 718 So.2d 45 (Ala. 1998), there is no contract dispute to arbitrate, because Fields conceded in the trial court and has conceded before this Court that Homes of Legend is not a party to the "Manufactured Home Retail Installment Contract and Security Agreement," which contains the arbitration provision;[3] and (2) that, because the language of the arbitration provision is not broad enough to encompass Fields's disputes with Homes of Legend, the doctrine of equitable estoppel does not apply to Fields's negligence claim. I dissent.
In Warren, a husband and wife sued a contractor, alleging breach of a home-construction contract and alleging fraud. The fraud claim was based on alleged misrepresentations in the contract concerning the amount of time needed to perform the contract. Only the husband signed the contract. The contractor moved to compel arbitration of the husband and wife's claims, based on an arbitration provision in the contract. The husband and wife argued that the arbitration agreement could not be enforced against them because the arbitrator named in it was no longer in existence and that the arbitration agreement could not be enforced against the wife because she did not sign the construction contract. The trial court granted the motion and ordered arbitration. The husband and wife petitioned this Court for a writ of mandamus. This Court denied the writ. 718 So.2d at 48-49. A plurality of this Court concluded that, because the wife disavowed being a party to, or a third-party beneficiary of, the construction contract, she had no right to recover on that contract, and, thus, that any error in compelling arbitration of her claims was harmless. Id.
The result in Warrendenial of the writ, letting stand the trial court's order compelling arbitrationwas correct, but its rationale was not. The correct rationale of Warren is the well-established rule that a party cannot both claim the benefit of a contract and avoid the burden of an arbitration provision in that contract.[4]See Georgia Power Co. v. Partin, 727 So.2d 2 (Ala.1998); Infiniti of Mobile, Inc. v. Office, 727 So.2d 42 (Ala.1999); Value Auto Credit, Inc. v. Talley, 727 So.2d 61 (Ala. 1999); Delta Constr. Corp. v. Gooden, 714 So.2d 975 (Ala.1998); Ex parte Dyess, 709 So.2d 447 (Ala.1997). Indeed, the Warren opinion notes that a "nonsignatory plaintiff, who was a third-party beneficiary to an insurance policy containing an arbitration clause, could not both claim [the] benefit of the contract and avoid the arbitration clause within it." 718 So.2d at 47 n. 4 (citing Ex parte Dyess, 709 So.2d 447 (Ala. 1997)).
In this case, in accordance with the rule of the Dyess opinion and its progeny, because Fields alleges a breach of contract against Homes of Legend based on the mobile home sales contract, he cannot both claim the benefit of that contract and avoid the burden of the arbitration provision that is a part of that contract. The result in Warren would require this Court in this case to reverse the trial court's order denying arbitration of Fields's breach-of-contract claim against Homes of Legend.
I also dissent from this Court's affirmance of the trial court's order denying arbitration of Fields's negligence claim. *1232 This Court bases its conclusion on Universal Underwriters Life Insurance Co. v. Dutton, 736 So.2d 564 (Ala.1999), and First Family Financial Services, Inc. v. Rogers, 736 So.2d 553 (Ala.1999). Both of these cases involve a question of the applicability of the doctrine of equitable estoppel, that is, whether a signatory plaintiff's claims against a nonsignatory defendant are so intimately founded in and intertwined with the underlying contract obligations that the nonsignatory defendant can compel arbitration. In this case, because Fields's negligence claim against Homes of Legend, alleging negligent construction, transportation, and installation of the mobile home, "relat[es] to" the sales contract, I disagree with the statement that the language of the arbitration provision is not broad enough to encompass that claim.
NOTES
[1] A direct appeal is the generally accepted method for obtaining review of a trial court's order denying a motion to compel arbitration. A petition for a writ of mandamus is the generally accepted method for obtaining review of an order granting a motion to compel arbitration. Thompson v. Skipper Real Estate Co., 729 So.2d 287 (Ala.1999).
[2] Although it is not entirely clear, it does not appear from the record or the briefs that Fields's claims against Homes of Legend are based on allegations of breach of an express warranty arising separately from the sales contract. In any event, nothing in the record indicates that Homes of Legend issued to Fields a separate written warranty containing an arbitration provision.
[3] Although this Court quotes Warren in affirming the order of the trial court, it is Homes of Legend that relied on Warren, to support its argument that the trial court erred in denying its motion to compel arbitration.
[4] Because the husband and wife's fraud claim was directed toward the entire construction contract and not specifically toward the arbitration provision, that claim was subject to arbitration as well. See Investment Management & Research, Inc. v. Hamilton, 727 So.2d 71, 78 (Ala.1999).